1  Clyde DeWitt
   California State Bar No. 117911
2  Law Offices of Clyde DeWitt,
       A Professional Corporation
3  11755 Wilshire Boulevard, Suite 1450
   Los Angeles, CA 90025
4  (310) 477-9370
   Fax (310) 362-8667
5  clydedewitt@earthlink.net

6  Attorneys for Plaintiff, Seven Cities Enterprises, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| SEVEN CITIES ENTERPRISES, INC., | Case Number C08 01563 HRL |
|---|---|
| Plaintiff | ORIGINAL COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |
| v. | |
| CITY OF SALINAS, | |
| Defendant | |

COMES NOW the Plaintiff, Seven Cities Enterprises, Inc. and, upon knowledge as to the Plaintiff's own acts and upon information and belief as to all other matters, respectfully complains as follows:

INTRODUCTION

This is an action challenging the enforcement of ordinances enacted by the City of Salinas, California, and enforced in violation of the rights afforded the Plaintiff by the First and Fourteenth Amendments of the United States Constitution and Article I, Section 2 of the California Constitution, seeking redress in the form of declaratory and injunctive relief and

attorneys' fees under 42 U.S.C. § 1983, the Civil Rights Act of 1871, 42 U.S.C. § 1988, Civil Rights Attorney's Fees Awards Act of 1976 and 28 U.S.C. §§ 2201, et seq., the Declaratory Judgment Act.

## JURISDICTION AND VENUE

1. Plaintiff seeks declaratory and injunctive relief against Defendant City of Salinas, California, a California municipal corporation (the "City"), under 42 U.S.C. § 1983 on the grounds that Defendant, by its conduct and by the City's ordinances, has violated, and has threatened to violate, rights secured to Plaintiff by the Constitution of the United States. Accordingly, Plaintiff invokes this Court's federal question jurisdiction conferred by 28 U.S.C. § 1331. Additionally, because the relief described above is sought pursuant to 42 U.S.C. § 1983, this Court also has jurisdiction under 28 U.S.C. § 1343.

2. Because this Court has jurisdiction to address the controversy before it, 28 U.S.C. § 2201 grants the Court authority to declare the rights of the parties before it, and 28 U.S.C. § 2202 authorizes the Court to grant such further relief, including injunctive relief, as the Court may deem necessary and proper.

3. Plaintiff also has stated causes of action under the Constitution and laws of the State of California because the Defendant has violated rights secured thereunder. Those causes of action are so related to the other claims in this case, over which this Court has original jurisdiction, that they form a part of the same case or controversy under Article III of the United States Constitution. Accordingly, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1 & 2) because the only Defendant resides in this district and because a substantial part of the events or omissions giving rise to the claim occurred and a substantial part of property that is the

1 subject of the action is situated in this district. Venue is proper in this division pursuant to
2 Local Rule 3-2(e) of this court because the action arose in Monterey County, California.

## PARTIES

5. Plaintiff, Seven Cities Enterprises, Inc. ("Seven Cities" or "Plaintiff") is a corporation that is organized and existing under the laws of the state of California, with its principal office in San Diego County, California and which operates a business in the City of Salinas, County of Monterey, California.

6. Defendant, City of Salinas ("Defendant" or the "City") is a municipal corporation, organized and existing under the laws of the state of California and located in Monterey County, California.

## FACTS COMMON TO ALL CLAIMS

7. Plaintiff owns and operates an Adult Book and Video Store located at 323 East Alisal Street, Salinas, CA 93901, which is within the city of Salinas, popularly known as L'Amour Shoppe ("L'Amour").[1]

8. An "Adult Book and Video Store," including Plaintiff's, for purposes of this complaint means a business including a retail component, which offers for rental and sale, adult oriented, pre-recorded motion pictures, and also offers for sale adult magazines, newspapers, newsletters and adult novelties. The other component of Plaintiff's business is a number of private viewing areas, where there are available to customers private viewing areas where they can view or preview adult motion pictures, either because they do not wish to bring these motion pictures into their homes, such as because they do not wish to risk

---

[1] The building fronts two streets, Alisal and Rianda and, for reasons unknown to Plaintiff, has two mailing addresses. The other one is 320 Rianda Street, Salinas, CA 93901. The public entrance is closer to Alisal Street.

K:\Files\Wiener 0452\Salinas\08-001-p-Complaint.wpd                Page 3

ORIGINAL COMPLAINT

exposing their minor children to them, or because they wish to view samples of the motion pictures that are also available for rental or sale at Plaintiff's business so as to assist in purchase and/or rental decisions.

9. The City regulates what the municipal code identifies as "Adult Entertainment Facilities." Pursuant to Salinas Municipal Code ("SMC") § 37-50.020(b)(1), an "Adult Bookstore" is defined as follows:

> "(1) Adult Bookstore. An establishment where:
>
> "(A) Twenty percent or more of the establishment's stock, books, magazines, or other periodicals or films are devoted to 'specified sexual activities' or 'specified anatomical areas'[]; or
>
> "(B) Twenty percent or more of the establishment's films, peepshows, or other similar devices designed for individual viewing on the premises by up to five persons are devoted to 'specified sexual activities' or 'specified anatomical areas'; or

---

[2] These two terms are defined in SMC § 37-50.020(b)(5-6) as follows:

"(5) Specified Anatomical Areas.

'(A) Less than completely and opaquely covered human genitals, human buttocks, and human female breast below a point immediately above the top of the areola; and

"(B) Human male genitals in a discernibly turgid state, even if completely and opaquely covered.

"(6) Specified Sexual Activities.

"(A) Human genitals in a state of sexual stimulation or arousal;

"(B) Sexual intercourse, masturbation, oral copulation, or sodomy, whether between humans of the same or opposite sex or between humans and animals; and

"(C) Fondling or other erotic touching or sexual stimulation of human genitals, pubic region, buttock, or female breast."

"(C) Twenty percent or more of the establishment's actual display areas, including without limitation, the areas for the viewing of films, peepshows, or similar devices are substantially devoted to the exhibition of 'specified sexual activities' or 'specified anatomical areas. This definition does not apply to displays of up to ten periodicals or films in the premises, by title in which sales or rental of the same are incidental to other businesses. Nor does this definition include any art or photography publications depicting the specified anatomical areas defined in this section when such publication devotes at least twenty-five percent of the lineage of each edition to articles and advertisements dealing with the subjects of art or photography. Nor does this definition apply to any news periodical which reports or describes current events and which, from time to time, publishes photographs of nude or semi-nude persons when describing cultures in which nudity or semi-nudity is indigenous to the population. Nor does this definition apply to bona fide education or medical publications."

10. "Adult Entertainment Facilities" are defined in SMC § 37-50.020(b)(2) to specifically include "Adult Bookstores," along with some other categories of sexually oriented businesses, none of which apply to L'Amour.[3]

---

[3] For example, L'Amour is not an "Adult Live Entertainment Establishment" as defined in SMC § 37-50.020(b)(3) because it offers no live entertainment and is not an "Adult Motion Picture Theater" as defined in SMC § 37-50.020(b)(4) because its motion pictures are never presented to an audience of five or more because the private viewing areas are limited to one person per screen.

11. L'Amour's adult book and video store is an "Adult Bookstore" as defined in SMC § 37-50.020(b)(1). It is the only such business within the city limits of Salinas.

**The Nonconforming Uses**

12. Plaintiff's adult book and video store was in operation in its current configuration prior to the City's enactment of any of the above regulations applicable to "Adult Bookstores."

13. SMC § 37-50.160(b)(1) states, "A use, lawfully occupying a structure or a site on the effective date of the ordinance codified in this chapter, or of amendments thereto, that does not conform with the use regulations for the district in which it is located or the applicable lot area per dwelling unit regulations shall be deemed a nonconforming use. Nonconforming uses may only be continued subject to the requirements of this division."

14. Plaintiff's adult book and video store therefore is a lawful nonconforming use because, after the business was established, the City amended its zoning ordinance to prohibit adult entertainment businesses in the zoning district where L'Amour's adult book and video store is located.

15. SMC § 37-50.160(b)(3) states, "No nonconforming use shall be enlarged or extended to occupy any part of a structure or site that it did not occupy on the effective date of the ordinance codified in this chapter, or of the amendments hereto that cause it to become a nonconforming use."

16. The component of Plaintiff's adult book and video store business allowing private viewing of adult motion pictures operates as follows: Each viewing area contains a video monitor on which customers can view any motion picture or motion pictures, selected from an array of dozens of them that are available at any given time. Viewing requires the deposit of currency, and the amount of time which a customer is permitted to view motion pictures in a private viewing area corresponds to the amount of currency deposited.

17. The private viewing areas, although sometimes bolted to the floor, are business furnishings, and not fixtures. They are pre-fabricated in a factory and assembled on site. The only accommodation required for them is space on the floor where they can be situated and electrical outlets ("junction boxes") sufficient to accommodate the monitors and other viewing equipment, all of which operates on standard, 110-volt, 60-cycle power.

18. After Plaintiff purchased the business in 2004, Plaintiff discovered that the demand for private viewing of adult motion pictures often exceeded the supply of viewing areas, which accommodate only one customer each at any given time. To accommodate that demand, Plaintiff set about a course of action with the objective of increasing the supply of private viewing areas so as to meet the demand. Toward that objective, Plaintiff put in place more private viewing areas in a vacant area of the building housing Plaintiff's adult book and video business.

19. After assembly of the new viewing areas was complete, Plaintiff discovered that the portion of the building where the additional viewing areas were located had been leased by the businesses former owner to a business not involved in adult entertainment. Thus, the City took the position that the subject part of the building was not part of (or no longer part of) the building that the City considered to be the nonconforming use.

20. Accordingly, Plaintiff caused the new viewing areas to be disassembled and moved to a portion of the building that always was an integral part of the adult book and video store business.

21. The City however, has taken the position that adding the new viewing areas to former retail space would be impermissible expansion of a non-conforming use, which is not consistent with the language of its own ordinance.

**Available Locations for New Adult Bookstores**

22. The City's zoning regulations place substantial limitations on the number of new adult bookstores (as defined above) allowed in Salinas.

23. According to SMC § 37-50.020(c), "Location of Adult Entertainment Facilities," the following restrictions apply to adult entertainment facilities, including adult bookstores:

"(1) No person shall own or operate any adult entertainment facility if that facility is located:

"(A) Within two thousand feet of any other adult entertainment facility;

"(B) Within one thousand feet of any pre-existing public or private school attended primarily by minors under eighteen years of age;

"(C) Within one thousand feet of any pre-existing parcel in the central city overlay (downtown core area) district;

"(D) Within two hundred fifty feet of any pre-existing church;

"(E) Within two hundred fifty feet of any pre-existing public park or recreation facility which is available for use by minors; and

"(F) Within two hundred fifty feet of any pre-existing residential district.

"(2) The distance shall be measured from the closest exterior wall of the building/suite or property line of the site (if there is no building) where the adult entertainment facility is located to the nearest property line of the site containing those uses specified in Section 37-50.020(c)(1)(A) through (F) above.

"(3) An adult entertainment facility shall only be permitted where the applicable zoning district regulations specifically provide for adult entertainment facilities."

24. Applying SMC § 37-50.020(c), subsection 3, above, a new adult bookstore is not permitted in any zoning district other than ICG and IG.

25. In an IG zoning district, a new adult bookstore is permitted, but only if it acquires a conditional use permit, pursuant to the provisions of the SMC.

26. SMC § 37-60.520. Requires that no conditional use permit can be issued unless the following findings are made by the City:

"The city planner or planning commission, as applicable, shall approve an application for a conditional use permit as it was applied for or in modified form if, on the basis of the application and testimony submitted, all of the following findings can be made:

"(a) That the proposed location of the use *is in accordance with the objectives of the Salinas general plan, this Zoning Code, and the purposes of the district in which the site is located*;

"(b) That the proposed location of the conditional use and the proposed conditions under which it would be operated or maintained are consistent with the Salinas general plan and will *not be detrimental to the public health, safety, or welfare of persons residing or working in or adjacent to the neighborhood of such use, nor detrimental to properties or improvements in the vicinity or to the general welfare of the city;* and

"(c) That the proposed conditional use complies with the provisions of this Zoning Code, including any specific conditions required for the proposed use."

27. The conditions that must be met in SMC § 37-60.520, subsections (a) and (b) afford the licensor constitutionally impermissible discretion in deciding whether to issue the conditional use permit.[4]

---

[4] See *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 110 S.Ct. 596, 107 L.Ed.2d 603 (1990).

28. Accordingly, there is no right to open and operate a new adult entertainment use or adult bookstore in an IG zoning district.[5]

29. In an ICG zoning district, a new adult bookstore is permitted, but only subject to a "sight plan review," as defined in SMC.

30. Nowhere in the SMC is there set forth any brief and certain time limits either (a) by which either an application for site plan approval must be granted or denied or (b) by which a conditional use permit application must be granted or denied.

31. Even disregarding the requirements of site plan review for a new adult bookstore in an ICG zoning district and of a conditional use permit in an IG zoning district, there are not sufficient alternative locations to allow the opening of a new adult bookstore within the City of Salinas so as to allow a "reasonable opportunity to open and operate" such a business within the City of Salinas.

32. If Plaintiff cannot replace space in its adult bookstore formerly used for the retail component of the business with additional viewing areas so as to accommodate the demand, the only way by which Plaintiff can address and accommodate the additional demand is by opening a second location, and Salinas does not provide a reasonable opportunity for it to do so, as required by the First and Fourteenth Amendments to the United States Constitution and by Article I, Section 2 of the California Constitution.

33. Plaintiff's current adult book and video store business requires neither a sight plan review nor a conditional use permit because those requirements were added to the SMC after that business was operating in its current configuration.

34. As a result of the above, every location in the City of Salinas where a new adult bookstore would not be a non-permitted use requires obtaining a permit for which there are

---

[5] Accordingly, this is not counted in determining whether there are a sufficient number of locations. *University Books & Videos, Inc. v. Metropolitan Dade County*, 33 F. Supp. 2d 1364, 1373 (S.D. Fla. 1999), citing *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 225-26, 107 L. Ed. 2d 603, 110 S. Ct. 596 (1990).

no short and definite time limits by which an application for the permit must be either approved and a permit issued or denied, in violation of the First and Fourteenth Amendments to the United States Constitution and by Article I, Section 2 of the California Constitution.[6]

**Denial of the Permit**

35. During 2006, Plaintiff received an administrative citation because it caused additional viewing areas to be installed in the portion or the building noted above which had been used as office space.

36. Plaintiff retained James Vocelka, a licensed architect, who submitted an application for a building permit, including all customarily required drawings and calculations.

37. On October 23, 2006, the City responded with a memorandum from a City Associate Planner, Andrew Myrick stating that the proposed modification constituted expansion of a nonconforming use, which was prohibited. As it turned out, the space where the new viewing areas had been placed was, as noted above, used as an office use by a sub-tenant for a period of time, in the opinion of the City thereby abandoning the nonconforming use.

38. Mr. Vocelka then submitted a new application for a building permit, including all customarily required drawings and calculations, which application designated the amended placement of the new viewing areas to an area of the building which always had been a part of the adult entertainment business.

---

[6] See *Lakewood v. Plain Dealer Publishing Co.*, 486 U.S. 750, 757, 108 S.Ct. 2138, 2143, 100 L.Ed.2d 771 (1988) and *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 110 S.Ct. 596, 107 L.Ed.2d 603 (1990).

K:\Files\Wiener 0452\Salinas\08-001-p-Complaint.wpd        Page 11

ORIGINAL COMPLAINT

39. On March 30, 2007, the City responded with a memorandum from Mr. Myrick, listing corrections that the City deemed required for approval of the plans. Nothing in that memorandum suggested any issue involving zoning adult entertainment businesses.

40. Accordingly, Mr. Vocelka responded with an amended building permit application, in response to which Mr. Myrick issued a new memorandum on October 23, 2007, for the first time taking the position that the placement of the location that was the subject of the second application was an unlawful expansion of a nonconforming use.

41. The City's position was that the use is nonconforming solely because of the City's zoning regulations applicable uniquely to adult entertainment businesses.

42. For example, if the motion pictures that were to be shown in the viewing areas were not sexually oriented, the permit would have issued.

43. As alleged above, the City's zoning regulations applicable uniquely to adult entertainment businesses regulations constitute an unconstitutional restraint on free expression. Plaintiff's use is otherwise lawful in its current location but for the fact that it is regulated by the aforesaid, unconstitutional adult entertainment facility regulations.

44. In denying the permit, the City suggested that parking also must be modified. Plaintiff intends to make and is capable of making all required modifications in parking capacity.

**No Adequate Remedy at Law**

45. Plaintiff has no adequate remedy at law and, unless the relief requested herein is granted, plaintiff will suffer irreparable harm in that its rights and the rights of their customers and potential customers to free speech and expression under the First and Fourteenth Amendments to the United States Constitution and under Article I, Section 2 of the California constitution will be denied.

## FIRST CLAIM FOR RELIEF

### (Violations of Federal Constitutional Rights; 42 U.S.C. § 1983)

46. Plaintiff expressly incorporates all prior allegations of this Complaint as if separately and specifically alleged in this Claim for Relief.

47. All of the acts and threats of the City alleged in this complaint were under color of a statute, ordinance, regulation, custom, or usage of the City or of the State of California.

48. Those acts and threats of the City caused, are causing and will cause Plaintiff deprivation of rights, privileges, or immunities secured by the First and Fourteenth Amendment to the United States Constitution.

49. The City threatens to enforce all provisions of the SMC cited in this Complaint.

50. That threat, coupled with the City's failure to afford Plaintiff either (1) the right to install viewing areas in a portion of the business formerly used as part of the retail area or (2) a reasonable opportunity to open and operate an additional, new adult bookstore violates Plaintiff's right of free speech, press and expression afforded by the First and Fourteenth Amendments to the United States Constitution.

## SECOND CLAIM FOR RELIEF

### (Violations of Federal Constitutional Rights; 42 U.S.C. § 1983)

51. Plaintiff expressly incorporates all prior allegations of this Complaint as if separately and specifically alleged in this Claim for Relief.

52. All of the acts and threats of the City alleged in this complaint were under color of a statute, ordinance, regulation, custom, or usage of the City or of the State of California.

53. Those acts and threats of the City caused, are causing and will cause Plaintiff deprivation of rights, privileges, or immunities secured by the First and Fourteenth Amendments to the United States Constitution.

54. The failure to include in the SMC any brief and definite time limits by which an application for a site plan review must be conclusively acted upon, coupled with its failure to include in the SMC any brief and definite time limits by which an application for a conditional use permit must be conclusively acted upon results in requiring a permit to open a new adult bookstore for any location in the city of Salinas, the procedural requirements for which violate the First and Fourteenth Amendments to the United States Constitution.

### THIRD CLAIM FOR RELIEF

### (Violations of Federal Constitutional Rights; 42 U.S.C. § 1983)

55. Plaintiff expressly incorporates all prior allegations of this Complaint as if separately and specifically alleged in this Claim for Relief.

56. All of the acts and threats of the City alleged in this complaint were under color of a statute, ordinance, regulation, custom, or usage of the City or of the State of California.

57. Those acts and threats of the City caused, are causing and will cause Plaintiff deprivation of rights, privileges, or immunities secured by the First and Fourteenth Amendments to the United States Constitution.

58. The City impermissibly withheld issuance of the building permit referenced above solely because the sexually oriented nature of the motion pictures to be exhibited there triggered application of the City's zoning regulations applicable uniquely to adult entertainment facilities.

### FOURTH CLAIM FOR RELIEF

### (Violations of California Constitutional Rights)

59. Plaintiff expressly incorporates all prior allegations of this Complaint as if separately and specifically alleged in this Claim for Relief.

60. All of the acts and threats of the City alleged in this complaint were under color of a statute, ordinance, regulation, custom, or usage of the City or of the State of California.

61. Those acts and threats of the City caused, are causing and will cause Plaintiff deprivation of rights, privileges, or immunities secured by Article I, Section 2 of the California Constitution.

62. The City impermissibly withheld issuance of the building permit referenced above solely because the sexually oriented nature of the motion pictures to be exhibited there triggered application of the City's zoning regulations applicable uniquely to adult entertainment businesses.

## FIFTH CLAIM FOR RELIEF

### (Violations of California Constitutional Rights)

63. Plaintiff expressly incorporates all prior allegations of this Complaint as if separately and specifically alleged in this Claim for Relief.

64. All of the acts and threats of the City alleged in this complaint were under color of a statute, ordinance, regulation, custom, or usage of the City or of the State of California.

65. Those acts and threats of the City caused, are causing and will cause Plaintiff deprivation of rights, privileges, or immunities secured by Article I, Section 2 of the California Constitution.

66. The City threatens to enforce all provisions of the SMC cited in this Complaint.

67. That threat, coupled with the City's failure to afford Plaintiff either (1) the right to install viewing areas in a portion of the business formerly used as part of the retail area or (2) a reasonable opportunity to open and operate an additional, new adult bookstore violates Plaintiff's right of free speech, press and expression afforded by Article I, Section 2 of the California Constitution.

## SIXTH CLAIM FOR RELIEF

### (Violations of California Constitutional Rights)

68. Plaintiff expressly incorporates all prior allegations of this Complaint as if separately and specifically alleged in this Claim for Relief.

69. All of the acts and threats of the City alleged in this complaint were under color of a statute, ordinance, regulation, custom, or usage of the City or of the State of California.

70. Those acts and threats of the City caused, are causing and will cause Plaintiff deprivation of rights, privileges, or immunities secured by Article I, Section 2 of the California Constitution.

71. The failure to include in the SMC any brief and definite time limits by which an application for a site plan review must be conclusively acted upon, coupled with its failure to include in the SMC any brief and definite time limits by which an application for a conditional use permit must be conclusively acted upon results in requiring a permit to open a new adult bookstore for any location in the city of Salinas, the procedural requirements for which violate Article I, Section 2 of the California Constitution.

## SEVENTH CLAIM FOR RELIEF

### (Declaratory Judgment 28 U.S.C. §§ 2201, *et seq.* - United States Constitution)

72. Plaintiff expressly incorporates all prior allegations of this Complaint as if separately and specifically alleged in this Claim for Relief.

73. Plaintiff believes, as alleged above, that the cited portions of the SMC violate the First and Fourteenth Amendments to the United States Constitution.

74. The City, on the other hand, does not believe that, as alleged above, that the cited portions of the SMC violate the First and Fourteenth Amendments to the United States Constitution.

75. Accordingly, Plaintiff seeks a judgment declaring that, as alleged above, the cited portions of the SMC violate the First and Fourteenth Amendments to the United States Constitution.

### EIGHTH CLAIM FOR RELIEF

(Declaratory Judgment 28 U.S.C. §§ 2201, *et seq.* – California Constitution)

76. Plaintiff expressly incorporates all prior allegations of this Complaint as if separately and specifically alleged in this Claim for Relief.

77. Plaintiff believes, as alleged above, that the cited portions of the SMC violate Article 1, Section 2 of the California Constitution.

78. The City, on the other hand, does not believe that, as alleged above, the cited portions of the SMC violate the Article 1, Section 2 of the California Constitution.

79. Accordingly, Plaintiff seeks a judgment declaring that, as alleged above, the cited portions of the SMC violate Article 1, Section 2 of the California Constitution.

### RELIEF SOUGHT

THEREFORE, Plaintiff seeks and this Court should grant relief as follows:

A. A declaration that the SMC violates the First and Fourteenth Amendments of the United States Constitution in that it requires a permit to open and operate any new adult bookstore in the City of Salinas but fails to assign short and definite time limits by which an application for the required permit must be finally approved or finally denied.

B. A declaration that the SMC violates Article 1, Section 2 of the California Constitution in that it requires a permit to open and operate any new adult bookstore in the City of Salinas but fails to assign short and definite time limits by which an application for the required permit must be finally approved or finally denied.

C. A declaration that denial of a building permit based upon Plaintiff's nonconforming use status, thereby enforcing the City's zoning regulations solely applicable

to adult entertainment facilities violates the First and Fourteenth Amendments to the United States Constitution.

    D.    A declaration that denial of a building permit based upon Plaintiff's nonconforming use status, thereby enforcing the City's zoning regulations solely applicable to adult entertainment facilities violates Article I, Section 2 of the California Constitution.

    E.    A declaration that the SMC violates Article 1, Section 2 of the California Constitution in that it fails to allow a reasonable opportunity for a new adult bookstore to open and operate within the City of Salinas.

    F.    A declaration that the SMC violates the First and Fourteenth Amendments of the United States Constitution in that it fails to allow a reasonable opportunity for a new adult bookstore to open and operate within the City of Salinas.

    G.    A temporary restraining order, preliminary injunction and permanent injunction against the enforcement of the provisions of SMC with respect to which Plaintiff seeks a declaratory judgment, above.

    H.    Costs of court.

    I.    Reasonable costs and attorneys fees pursuant to 42 U.S.C. § 1988.

    J.    Reasonable costs and attorneys fees pursuant to California Code of Civil Procedure § 1021.5.

    K.    Any other relief found to be appropriate.

Dated: March 20, 2008.

    Respectfully Submitted,

    CLYDE DeWITT
    LAW OFFICES OF CLYDE DeWITT, APC

    By: _____
         Clyde DeWitt

    Counsel for Plaintiff
    Seven Cities Enterprises, Inc.