1 | Clyde DeWitt
California State Bar No. 117911
2 | Law Offices of Clyde DeWitt,
      A Professional Corporation
3 | 11755 Wilshire Boulevard, Suite 1450
Los Angeles, CA 90025
4 | (310) 477-9370
Fax (310) 362-8667
5 | clydedewitt@earthlink.net

6 | Attorneys for Plaintiff, Seven Cities Enterprises, Inc.

7

8 | **IN THE UNITED STATES DISTRICT COURT**

9 | **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10 | **SAN JOSE DIVISION**

11 | SEVEN CITIES ENTERPRISES, INC.,    Case Number 5:08-cv-01563-JW

12 |        Plaintiff    **FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

13 | v.

14 | CITY OF SALINAS,

15 |        Defendant

16

17

18 |        COMES NOW the Plaintiff, Seven Cities Enterprises, Inc. and, there having been no

19 | responsive pleading served pursuant to FED. R. CIV. PROC. 15(a)(1)(A), brings this First

20 | Amended Complaint and, upon knowledge as to the Plaintiff's own acts and upon

21 | information and belief as to all other matters, respectfully complains as follows:

22

23 | **INTRODUCTION**

24 |        This is an action challenging the enforcement of ordinances enacted by the City of

25 | Salinas, California, and enforced in violation of the rights afforded the Plaintiff by the First

26

27

28 | K:\Files\Wiener 0452\Salinas\08-004-p-FA Complaint.wpd    **Page 1**

**FIRST AMENDED COMPLAINT**

1    and Fourteenth Amendments of the United States Constitution and Article I, Section 2 of the

2    California Constitution, seeking redress in the form of declaratory and injunctive relief and

3    attorneys' fees under 42 U.S.C. § 1983, the Civil Rights Act of 1871, 42 U.S.C. § 1988, Civil

4    Rights Attorney's Fees Awards Act of 1976 and 28 U.S.C. §§ 2201, et seq., the Declaratory

5    Judgment Act.

6

7                        **JURISDICTION AND VENUE**

8           1.      Plaintiff seeks declaratory and injunctive relief against Defendant City of

9    Salinas, California, a California municipal corporation (the "City"), Pursuant to 42 U.S.C.

10   § 1983 on the grounds that Defendant, by its conduct and by the City's ordinances, has

11   violated, and has threatened to violate, rights secured to Plaintiff by the Constitution of the

12   United States. Accordingly, Plaintiff invokes this Court's federal question jurisdiction con-

13   ferred by 28 U.S.C. § 1331.   Additionally, because the relief described above is sought

14   pursuant to 42 U.S.C. § 1983, this Court also has jurisdiction under 28 U.S.C. § 1343.

15          2.      Because this Court has jurisdiction to address the controversy before it, 28

16   U.S.C. § 2201 grants the Court authority to declare the rights of the parties before it, and 28

17   U.S.C. § 2202 authorizes the Court to grant such further relief, including injunctive relief,

18   as the Court may deem necessary and proper.

19          3.      Plaintiff also has stated claims under the Constitution and laws of the State of

20   California because the Defendant has violated rights secured thereunder.  Those claims are

21   so related to the other claims in this case, over which this Court has original jurisdiction, that

22   they form a part of the same case or controversy under Article III of the United States Consti-

23   tution. Accordingly, this Court has supplemental jurisdiction over those claims pursuant to

24   28 U.S.C. § 1367.

25

26

27

28   K:\Files\Wiener 0452\Salinas\08-004-p-FA Complaint.wpd          **Page 2**

                                **FIRST AMENDED COMPLAINT**

1          4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1 & 2) because

2  the only Defendant resides in this district and because a substantial part of the events or

3  omissions giving rise to the claim occurred and a substantial part of property that is the

4  subject of the action is situated in this district.  Venue is proper in this division pursuant to

5  Local Rule 3-2(e) of this Court because the action arose in Monterey County, California.

6

7                             **PARTIES**

8          5.      Plaintiff, Seven Cities Enterprises, Inc. ("Seven Cities" or "Plaintiff") is a

9  corporation that is organized and existing under the laws of the state of California, with its

10  principal office in San Diego County, California and which operates a business in the City

11  of Salinas, County of Monterey, California.

12          6.      Defendant, City of Salinas ("Defendant" or the "City") is a municipal

13  corporation, organized and existing under the laws of the state of California and located in

14  Monterey County, California.

15

16               **FACTS COMMON TO ALL CLAIMS**

17          7.      Plaintiff owns and operates an Adult Book and Video Store located at 323 East

18  Alisal Street, Salinas, CA 93901, which is within the city of Salinas, popularly known as

19  L'Amour Shoppe ("L'Amour").[1]

20          8.      An "Adult Book and Video Store," including Plaintiff's, for purposes of this

21  complaint means a business including a retail component, which offers for rental and sale,

22  adult oriented, pre-recorded motion pictures, and also offers for sale adult magazines,

23  newspapers, newsletters and adult novelties.  The other component of Plaintiff's business is

24  ————————————————

25       [1]      The building fronts two streets, Alisal and Rianda and, for reasons unknown
to Plaintiff, has two mailing addresses.  The other one is 320 Rianda Street, Salinas, CA

26  93901.  The public entrance is closer to Alisal Street.

27

1  a number of private viewing areas, where there are available to customers private viewing

2  areas in which they can view or preview adult motion pictures, either because they do not

3  wish to bring these motion pictures into their homes, such as because they do not wish to risk

4  exposing their minor children to them, or because they wish to view samples of the motion

5  pictures that are also available for rental or sale at Plaintiff's business so as to assist in

6  purchase and/or rental decisions.

7      9.      The City regulates what the municipal code identifies as "Adult Entertainment

8  Facilities."  Pursuant to Salinas Municipal Code ("SMC") § 37-50.020(b)(1), an "Adult

9  Bookstore" is defined as follows:

10          "(1) Adult Bookstore. An establishment where:

11          "(A) Twenty percent or more of the establishment's stock,

12          books, magazines, or other periodicals or films are devoted to

13          'specified sexual activities' or 'specified anatomical areas'[2]; or

14  _____

15      2    Those two terms are defined in SMC § 37-50.020(b)(5-6) as follows:

16          "(5) Specified Anatomical Areas.

17              "(A) Less than completely and opaquely covered human
               genitals, human buttocks, and human female breast

18              below a point immediately above the top of the areola;
               and

19

20              "(B) Human male genitals in a discernibly turgid state,
               even if completely and opaquely covered.

21          "(6) Specified Sexual Activities.

22              "(A) Human genitals in a state of sexual stimulation or
               arousal;

23

24              "(B) Sexual intercourse, masturbation, oral copulation, or
               sodomy, whether between humans of the same or
               opposite sex or between humans and animals; and

25              "(C) Fondling or other erotic touching or sexual

26              stimulation of human genitals, pubic region, buttock, or

27

28

**Page 4**

**FIRST AMENDED COMPLAINT**

1    "(B) Twenty percent or more of the establishment's films,

2    peepshows, or other similar devices designed for individual

3    viewing on the premises by up to five persons are devoted to

4    'specified sexual activities' or 'specified anatomical areas'; or

5    "(C) Twenty percent or more of the establishment's actual

6    display areas, including without limitation, the areas for the

7    viewing of films, peepshows, or similar devices are substantially

8    devoted to the exhibition of 'specified sexual activities' or

9    'specified anatomical areas. This definition does not apply to

10   displays of up to ten periodicals or films in the premises, by title

11   in which sales or rental of the same are incidental to other

12   businesses. Nor does this definition include any art or

13   photography publications depicting the specified anatomical

14   areas defined in this section when such publication devotes at

15   least twenty-five percent of the lineage of each edition to articles

16   and advertisements dealing with the subjects of art or

17   photography. Nor does this definition apply to any news

18   periodical which reports or describes current events and which,

19   from time to time, publishes photographs of nude or semi-nude

20   persons when describing cultures in which nudity or semi-nudity

21   is indigenous to the population. Nor does this definition apply

22   to bona fide education or medical publications."

23

24

25

26                female breast."

27

28   K:\Files\Wiener 0452\Salinas\08-004-p-FA Complaint.wpd

FIRST AMENDED COMPLAINT

1   10. "Adult Entertainment Facilities" are defined in SMC § 37-50.020(b)(2) to

2 specifically include "Adult Bookstores," along with some other categories of sexually

3 oriented businesses, none of which apply to L'Amour.[3]

4   11. L'Amour's adult book and video store is an "Adult Bookstore" as defined in

5 SMC § 37-50.020(b)(1).  It is the only such business within the city limits of Salinas.

6

7 **The Nonconforming Uses**

8   12. Plaintiff's adult book and video store was in operation in its current

9 configuration prior to the City's enactment of any of the above regulations applicable to

10 "Adult Bookstores."

11   13. SMC § 37-50.160(b)(1) states, "A use, lawfully occupying a structure or a site

12 on the effective date of the ordinance codified in this chapter, or of amendments thereto, that

13 does not conform with the use regulations for the district in which it is located or the

14 applicable lot area per dwelling unit regulations shall be deemed a nonconforming use.

15 Nonconforming uses may only be continued subject to the requirements of this division."

16   14. Plaintiff's adult book and video store therefore is a lawful nonconforming use

17 because, after the business was established, the City amended its zoning ordinance to prohibit

18 adult entertainment businesses in the zoning district where L'Amour's adult book and video

19 store is located.

20   15. SMC § 37-50.160(b)(3) states, "No nonconforming use shall be enlarged or

21 extended to occupy any part of a structure or site that it did not occupy on the effective date

22

23

24   [3]  For example, L'Amour is not an "Adult Live Entertainment Establishment" as
defined in SMC § 37-50.020(b)(3) because it offers no live entertainment and is not an
25 "Adult Motion Picture Theater" as defined in SMC § 37-50.020(b)(4) because its motion
pictures are never presented to an audience of five or more because the private viewing areas
26 are limited to one person per screen.

27

1    of the ordinance codified in this chapter, or of the amendments hereto that cause it to become

2    a nonconforming use."

3        16.    The component of Plaintiff's adult book and video store business allowing

4    private viewing of adult motion pictures operates as follows:  Each viewing area contains a

5    video monitor on which customers can view any motion picture or motion pictures, selected

6    from an array of dozens of them that are available at any given time.  Viewing requires the

7    deposit of currency, and the amount of time which a customer is permitted to view motion

8    pictures in a private viewing area corresponds to the amount of currency deposited.

9        17.    The private viewing areas, although sometimes bolted to the floor, are business

10   furnishings, and not fixtures.  They are pre-fabricated in a factory and assembled on site.  The

11   only accommodation required for them is space on the floor where they can be situated and

12   electrical outlets (called "junction boxes") sufficient to accommodate the monitors and other

13   viewing equipment, all of which operates on standard, 110-volt, 60-cycle power.

14       18.    After Plaintiff purchased the business in 2004, Plaintiff discovered that the

15   demand for private viewing of adult motion pictures often exceeded the supply of viewing

16   areas, which accommodate only one customer each at any given time.  To accommodate that

17   demand, Plaintiff set about a course of action with the objective of increasing the supply of

18   private viewing areas so as to meet the demand.  Toward that objective, Plaintiff put in place

19   more private viewing areas in a vacant area of the building housing Plaintiff's adult book and

20   video business.

21       19.    After assembly of the new viewing areas was complete, Plaintiff discovered

22   that the portion of the building where the additional viewing areas were located at one time

23   had been leased by the business' former owner to a business that was not involved in adult

24   entertainment.  Thus, the City took the position that the subject part of the building was not

25   part of (or no longer part of) the building that the City considered to be the nonconforming

26   use.

27

28

1    20.    Accordingly, Plaintiff caused the new viewing areas to be disassembled and

2  moved to a portion of the building that always was an integral part of the adult book and

3  video store business.

4    21.    The City however, has taken the position that adding the new viewing areas to

5  former retail space would be impermissible expansion of a non-conforming use, which is not

6  consistent with the language of its own ordinance.

7

8    **Available Locations for New Adult Bookstores**

9    22.    The City's zoning regulations place substantial limitations on the number of

10  new adult bookstores (as defined above) allowed in Salinas.

11    23.    According to SMC § 37-50.020(c), "Location of Adult Entertainment

12  Facilities," the following restrictions apply to adult entertainment facilities, including adult

13  bookstores:

14    "(1) No person shall own or operate any adult entertainment facility if that

15    facility is located:

16      "(A) Within two thousand feet of any other adult entertainment facility;

17      "(B) Within one thousand feet of any pre-existing public or private

18      school attended primarily by minors under eighteen years of age;

19      "(C) Within one thousand feet of any pre-existing parcel in the central

20      city overlay (downtown core area) district;

21      "(D) Within two hundred fifty feet of any pre-existing church;

22      "(E) Within two hundred fifty feet of any pre-existing public park or

23      recreation facility which is available for use by minors; and

24      "(F) Within two hundred fifty feet of any pre-existing residential

25      district.

26

27

28  K:\Files\Wiener 0452\Salinas\08-004-p-FA Complaint.wpd

**Page 8**

**FIRST AMENDED COMPLAINT**

"(2) The distance shall be measured from the closest exterior wall of the building/suite or property line of the site (if there is no building) where the adult entertainment facility is located to the nearest property line of the site containing those uses specified in Section 37-50.020(c)(1)(A) through (F) above.

"(3) An adult entertainment facility shall only be permitted where the applicable zoning district regulations specifically provide for adult entertainment facilities."

24.     Applying SMC § 37-50.020(c), subsection 3, above, a new adult bookstore is not permitted in any zoning district other than ICG and IG.

25.     In an IG zoning district, a new adult bookstore is permitted, but only if it acquires a conditional use permit, pursuant to the provisions of the SMC.

26.     SMC § 37-60.520 requires that no conditional use permit can be issued unless the following findings are made by the City:[4]

"The city planner or planning commission, as applicable, shall approve an application for a conditional use permit as it was applied for or in modified form if, on the basis of the application and testimony submitted, all of the following findings can be made:

"(a) That the proposed location of the use *is in accordance with the objectives of the Salinas general plan, this Zoning Code, and the purposes of the district in which the site is located*;

"(b) That the proposed location of the conditional use and the proposed conditions under which it would be operated or maintained are consistent with the Salinas general plan and will *not be detrimental to the public health, safety,*

---

[4]     Emphasis added.

1    *or welfare of persons residing or working in or adjacent to the neighborhood*

2    *of such use, nor detrimental to properties or improvements in the vicinity or*

3    *to the general welfare of the city; and*

4    "(c) That the proposed conditional use complies with the provisions of this

5    Zoning Code, including any specific conditions required for the proposed use."

6    27.    The conditions that must be met in SMC § 37-60.520, subsections (a) and (b)

7  afford the licensor constitutionally impermissible discretion in deciding whether to issue the

8  conditional use permit.[5]

9    28.    Accordingly, there is no right to open and operate a new adult entertainment

10  use or adult bookstore in an IG zoning district.[6]

11    29.    In an ICG zoning district, a new adult bookstore is permitted, but only subject

12  to a "sight plan review," as defined in SMC.

13    30.    Nowhere in the SMC is there set forth any brief and certain time limits either

14  (a) by which either an application for site plan approval must be granted or denied or (b) by

15  which a conditional use permit application must be granted or denied.

16    31.    Even disregarding the requirements of site plan review for a new adult

17  bookstore in an ICG zoning district and of a conditional use permit in an IG zoning district,

18  there are not sufficient alternative locations to allow the opening of a new adult bookstore

19  within the City of Salinas so as to allow a "reasonable opportunity to open and operate" such

20  a business within the City of Salinas.

21

22  ――――――――――――――――――

23    [5]    See *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 110 S.Ct. 596, 107 L.Ed.2d
      603 (1990) and *Lakewood v. Plain Dealer Publishing Co.*, 486 U.S. 750, 1085 S.Ct. 2138,
24    100 L..Ed.2d 771 (1988).

25    [6]    Accordingly, this is not counted in determining whether there are a sufficient
      number of locations. *University Books & Videos, Inc. v. Metropolitan Dade County*, 33 F.
26  Supp. 2d 1364, 1373 (S.D. Fla. 1999), citing *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215,
      225-26, 107 L. Ed. 2d 603, 110 S. Ct. 596 (1990).

27  ――――――――――――――――――

28

**FIRST AMENDED COMPLAINT**

1    32.    If, because of parking restrictions, Plaintiff cannot use space in its adult

2  bookstore formerly used for the retail component of the business for additional viewing areas

3  so as to accommodate the demand, the only way by which Plaintiff can address and

4  accommodate the additional demand is by opening a second location, and Salinas does not

5  provide a reasonable opportunity for it to do so, as required by the First and Fourteenth

6  Amendments to the United States Constitution and by Article I, Section 2 of the California

7  Constitution.

8    33.    Plaintiff's current adult book and video store business requires neither a sight

9  plan review nor a conditional use permit because those requirements were added to the SMC

10  after that business was operating in its current configuration.

11    34.    As a result of the above, every location in the City of Salinas where a new adult

12  bookstore would not be a non-permitted use requires obtaining a permit for which there are

13  no short and definite time limits by which an application for the permit must be either

14  approved and a permit issued or denied, in violation of the First and Fourteenth Amendments

15  to the United States Constitution and by Article I, Section 2 of the California Constitution.[7]

16

17    **Denial of the Permit**

18    35.    During 2006, Plaintiff received an administrative citation because it caused

19  additional viewing areas to be installed in the portion of the building noted above which had

20  been used as office space.

21    36.    Plaintiff retained James Vocelka, a licensed architect, who submitted an

22  application for a building permit, including all customarily required drawings and

23  calculations.

24

25    [7]    *See Lakewood v. Plain Dealer Publishing Co.*, 486 U.S. 750, 757, 108 S.Ct.

26  2138, 2143, 100 L.Ed.2d 771 (1988) and *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 110 S.Ct. 596, 107 L.Ed.2d 603 (1990).

27

37.    On October 23, 2006, the City responded with a memorandum from a City Associate Planner, Andrew Myrick, stating that the proposed modification constituted expansion of a nonconforming use, which was prohibited. As it turned out, the space where the new viewing areas had been placed was, as noted above, used as an office use by a sub-tenant for a period of time, in the opinion of the City thereby abandoning the nonconforming use.

38.    Mr. Vocelka then submitted a new application for a building permit, including all customarily required drawings and calculations, which application designated the amended placement of the new viewing areas to an area of the building which always had been a part of the adult entertainment business.

39.    On March 30, 2007, the City responded with a memorandum from Mr. Myrick, listing corrections that the City deemed required for approval of the plans. Nothing in that memorandum suggested any issue involving zoning adult entertainment businesses.

40.    Accordingly, Mr. Vocelka responded with an amended building permit application, in response to which Mr. Myrick issued a new memorandum on October 23, 2007, for the first time taking the position that the placement of the location that was the subject of the second application was an unlawful expansion of a nonconforming use.

41.    The City's position was that the use is nonconforming solely because of the City's zoning regulations applicable uniquely to adult entertainment businesses.

42.    For example, if the motion pictures that were to be shown in the viewing areas were not sexually oriented, the permit would have issued.

43.    As alleged above, the City's zoning regulations applicable uniquely to adult entertainment businesses regulations constitute an unconstitutional restraint on free expression. Plaintiff's use is otherwise lawful in its current location but for the fact that it is regulated by the aforesaid, unconstitutional adult entertainment facility regulations.

44.    In denying the permit, the City suggested that parking also must be modified. Plaintiff intends to make and is capable of making all required modifications in parking capacity. If that cannot be accomplished, Plaintiff intends to add a second location in the City of Salinas and then open another adult book and video store.

45.    If in fact Plaintiff is unable to comply with parking, Plaintiff intends to add as many viewing areas as possible to be consistent with the parking requirements. If the number of viewing areas that can be added while remaining in compliance with the parking requirements is not sufficient to serve the additional demand, then it is Plaintiff's desire to obtain an additional site somewhere in Salinas for an additional adult book and video store, which also will be frustrated by the unconstitutional ordinance that is the subject of this complaint.[8]

### No Adequate Remedy at Law

46.    Plaintiff has no adequate remedy at law and, unless the relief requested herein is granted, plaintiff will suffer irreparable harm in that its rights and the rights of their customers and potential customers to free speech and expression under the First and Fourteenth Amendments to the United States Constitution and under Article I, Section 2 of the California constitution will be denied.

### FIRST CLAIM FOR RELIEF

### (Violations of Federal Constitutional Rights; 42 U.S.C. § 1983)

47.    Plaintiff expressly incorporates all prior allegations of this Complaint as if separately and specifically alleged in this Claim for Relief.

---

[8]    *See CR of Rialto, Inc. v. City of Rialto*, 975 F.Supp. 1254, 1258-59 (C.D. Cal. 1997).

**FIRST AMENDED COMPLAINT**

48.    All of the acts and threats of the City alleged in this complaint were under color of a statute, ordinance, regulation, custom, or usage of the City or of the State of California.

49.    Those acts and threats of the City caused, are causing and will cause Plaintiff deprivation of rights, privileges, or immunities secured by the First and Fourteenth Amendment to the United States Constitution.

50.    The City threatens to enforce all provisions of the SMC cited in this Complaint.

51.    That threat, coupled with the City's failure to afford Plaintiff either (1) the right to install viewing areas in a portion of the business formerly used as part of the retail area or (2) a reasonable opportunity to open and operate an additional, new adult bookstore violates Plaintiff's right of free speech, press and expression afforded by the First and Fourteenth Amendments to the United States Constitution.

## SECOND CLAIM FOR RELIEF

### (Violations of Federal Constitutional Rights; 42 U.S.C. § 1983)

52.    Plaintiff expressly incorporates all prior allegations of this Complaint as if separately and specifically alleged in this Claim for Relief.

53.    All of the acts and threats of the City alleged in this complaint were under color of a statute, ordinance, regulation, custom, or usage of the City or of the State of California.

54.    Those acts and threats of the City caused, are causing and will cause Plaintiff deprivation of rights, privileges, or immunities secured by the First and Fourteenth Amendments to the United States Constitution.

55.    The failure to include in the SMC any brief and definite time limits by which an application for a site plan review must be conclusively acted upon, coupled with its failure to include in the SMC any brief and definite time limits by which an application for a conditional use permit must be conclusively acted upon results in requiring a permit to open

1   a new adult bookstore for any location in the city of Salinas, the procedural requirements for

2   which violate the First and Fourteenth Amendments to the United States Constitution.

3

4                          **THIRD CLAIM FOR RELIEF**

5              **(Violations of Federal Constitutional Rights; 42 U.S.C. § 1983)**

6        56.    Plaintiff expressly incorporates all prior allegations of this Complaint as if

7   separately and specifically alleged in this Claim for Relief.

8        57.    All of the acts and threats of the City alleged in this complaint were under color

9   of a statute, ordinance, regulation, custom, or usage of the City or of the State of California.

10       58.    Those acts and threats of the City caused, are causing and will cause Plaintiff

11  deprivation of rights, privileges, or immunities secured by the First and Fourteenth

12  Amendments to the United States Constitution.

13       59.    The City impermissibly withheld issuance of the building permit referenced

14  above solely because the sexually oriented nature of the motion pictures to be exhibited there

15  triggered application of the City's zoning regulations applicable uniquely to adult

16  entertainment facilities.

17

18                         **FOURTH CLAIM FOR RELIEF**

19                **(Violations of California Constitutional Rights)**

20       60.    Plaintiff expressly incorporates all prior allegations of this Complaint as if

21  separately and specifically alleged in this Claim for Relief.

22       61.    All of the acts and threats of the City alleged in this complaint were under color

23  of a statute, ordinance, regulation, custom, or usage of the City or of the State of California.

24       62.    Those acts and threats of the City caused, are causing and will cause Plaintiff

25  deprivation of rights, privileges, or immunities secured by Article I, Section 2 of the

26  California Constitution.

27

28  K:\Files\Wiener 0452\Salinas\08-004-p-FA Complaint.wpd                **Page 15**

                         **FIRST AMENDED COMPLAINT**

1    63.    The City impermissibly withheld issuance of the building permit referenced

2    above solely because the sexually oriented nature of the motion pictures to be exhibited there

3    triggered application of the City's zoning regulations applicable uniquely to adult

4    entertainment businesses.

5

6                          **FIFTH CLAIM FOR RELIEF**

7                    **(Violations of California Constitutional Rights)**

8    64.    Plaintiff expressly incorporates all prior allegations of this Complaint as if

9    separately and specifically alleged in this Claim for Relief.

10    65.    All of the acts and threats of the City alleged in this complaint were under color

11    of a statute, ordinance, regulation, custom, or usage of the City or of the State of California.

12    66.    Those acts and threats of the City caused, are causing and will cause Plaintiff

13    deprivation of rights, privileges, or immunities secured by Article I, Section 2 of the

14    California Constitution.

15    67.    The City threatens to enforce all provisions of the SMC cited in this Complaint.

16    68.    That threat, coupled with the City's failure to afford Plaintiff either (1) the right

17    to install viewing areas in a portion of the business formerly used as part of the retail area or

18    (2) a reasonable opportunity to open and operate an additional, new adult bookstore violates

19    Plaintiff's right of free speech, press and expression afforded by Article I, Section 2 of the

20    California Constitution.

21

22                          **SIXTH CLAIM FOR RELIEF**

23                    **(Violations of California Constitutional Rights)**

24    69.    Plaintiff expressly incorporates all prior allegations of this Complaint as if

25    separately and specifically alleged in this Claim for Relief.

26

27

28

1       70.    All of the acts and threats of the City alleged in this complaint were under color

2   of a statute, ordinance, regulation, custom, or usage of the City or of the State of California.

3       71.    Those acts and threats of the City caused, are causing and will cause Plaintiff

4   deprivation of rights, privileges, or immunities secured by Article I, Section 2 of the

5   California Constitution.

6       72.    The failure to include in the SMC any brief and definite time limits by which

7   an application for a site plan review must be conclusively acted upon, coupled with its failure

8   to include in the SMC any brief and definite time limits by which an application for a

9   conditional use permit must be conclusively acted upon results in requiring a permit to open

10  a new adult bookstore for any location in the city of Salinas, the procedural requirements for

11  which violate Article I, Section 2 of the California Constitution.

12

13  **SEVENTH CLAIM FOR RELIEF**

14  **(Declaratory Judgment 28 U.S.C. §§ 2201, *et seq.* – United States Constitution)**

15      73.    Plaintiff expressly incorporates all prior allegations of this Complaint as if

16  separately and specifically alleged in this Claim for Relief.

17      74.    Plaintiff believes, as alleged above, that the cited portions of the SMC violate

18  the First and Fourteenth Amendments to the United States Constitution.

19      75.    The City, on the other hand, does not believe that, as alleged above, that the

20  cited portions of the SMC violate the First and Fourteenth Amendments to the United States

21  Constitution.

22      76.    Accordingly, Plaintiff seeks a judgment declaring that, as alleged above, the

23  cited portions of the SMC violate the First and Fourteenth Amendments to the United States

24  Constitution.

25

26

27

28  K:\Files\Wiener 0452\Salinas\08-004-p-FA Complaint.wpd

**Page 17**

**FIRST AMENDED COMPLAINT**

1

**EIGHTH CLAIM FOR RELIEF**

2

**(Declaratory Judgment 28 U.S.C. §§ 2201, *et seq.* – California Constitution)**

3         77.    Plaintiff expressly incorporates all prior allegations of this Complaint as if

4   separately and specifically alleged in this Claim for Relief.

5         78.    Plaintiff believes, as alleged above, that the cited portions of the SMC violate

6   Article 1, Section 2 of the California Constitution.

7         79.    The City, on the other hand, does not believe that, as alleged above, the cited

8   portions of the SMC violate the Article 1, Section 2 of the California Constitution.

9         80.    Accordingly, Plaintiff seeks a judgment declaring that, as alleged above, the

10   cited portions of the SMC violate Article 1, Section 2 of the California Constitution.

11

12

**RELIEF SOUGHT**

13         THEREFORE, Plaintiff seeks and this Court should grant relief as follows:

14         A.    A declaration that the SMC violates the First and Fourteenth Amendments of

15   the United States Constitution in that it requires a permit to open and operate any new adult

16   bookstore in the City of Salinas but fails to assign short and definite time limits by which an

17   application for the required permit must be finally approved or finally denied.

18         B.    A declaration that the SMC violates Article 1, Section 2 of the California

19   Constitution in that it requires a permit to open and operate any new adult bookstore in the

20   City of Salinas but fails to assign short and definite time limits by which an application for

21   the required permit must be finally approved or finally denied.

22         C.    A declaration that denial of a building permit based upon Plaintiff's

23   nonconforming use status, thereby enforcing the City's zoning regulations solely applicable

24   to adult entertainment facilities violates the First and Fourteenth Amendments to the United

25   States Constitution.

26

27

28

1    D.    A declaration that denial of a building permit based upon Plaintiff's

2  nonconforming use status, thereby enforcing the City's zoning regulations solely applicable

3  to adult entertainment facilities violates Article I, Section 2 of the California Constitution.

4    E.    A declaration that the SMC violates Article 1, Section 2 of the California

5  Constitution in that it fails to allow a reasonable opportunity for a new adult bookstore to

6  open and operate within the City of Salinas.

7    F.    A declaration that the SMC violates the First and Fourteenth Amendments of

8  the United States Constitution in that it fails to allow a reasonable opportunity for a new adult

9  bookstore to open and operate within the City of Salinas.

10    G.    A temporary restraining order, preliminary injunction and permanent injunction

11  against the enforcement of the provisions of SMC with respect to which Plaintiff seeks a

12  declaratory judgment, above.

13    H.    Costs of court.

14    I.    Reasonable costs and attorneys fees pursuant to 42 U.S.C. § 1988.

15    J.    Reasonable costs and attorneys fees pursuant to California Code of Civil

16  Procedure § 1021.5.

17    K.    Any other relief found to be appropriate.

18  Dated: May 2, 2008.                    Respectfully Submitted,

19                                          CLYDE DeWITT
                                            LAW OFFICES OF CLYDE DeWITT, APC
20

21

22  By: _____
                    Clyde DeWitt
23
                    Counsel for Plaintiff
24                  Seven Cities Enterprises, Inc.

25

26

27

28  K:\Files\Wiener 0452\Salinas\08-004-p-FA Complaint.wpd       **Page 19**

**FIRST AMENDED COMPLAINT**