1  Clyde DeWitt
   California State Bar No. 117911
2  Law Offices of Clyde DeWitt,
       A Professional Corporation
3  2800 28th Street, Suite 321
   Santa Monica, CA 90405-6201
4  (310) 392-2600
   Fax (310) 362-8667
5  clydedewitt@earthlink.net

6  Counsel for Plaintiff, Seven Cities Enterprises, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| SEVEN CITIES ENTERPRISES, INC., | Case Number 5:08-CV-01563-JW |
|---|---|
| Plaintiff | Hon. James Ware |
| v. | **NOTICE OF MOTION AND MOTION FOR AN ORDER CONSOLIDATING THE HEARING ON MOTION FOR PRELIMINARY INJUNCTION AND THE FINAL TRIAL ON THE MERITS** |
| CITY OF SALINAS, | |
| Defendant | |

[FED R. CIV. PROC. 65(a)(2)]

Date: August 4, 2008
Time: 9:00 a.m.
Courtroom: 8

1. NOTICE OF MOTION;
2. [PROPOSED] ORDER;
3. MEMORANDUM OF POINTS AND AUTHORITIES RE CONSOLIDATION;
4. MEMORANDUM OF POINTS AND AUTHORITIES RE PRELIMINARY INJUNCTION;
5. DECLARATION OF WILLIAM H. ANDRUS;
6. DECLARATION OF JAMES VOCELKA; AND
7. DECLARATION OF CLYDE DEWITT.

TO ALL COUNSEL AND PARTIES OF RECORD:

1      PLEASE TAKE NOTICE that on Monday, the 4th day of August, 2008, at 9:00 AM,
2  or as soon thereafter as the matter can be heard, before Hon. James Ware, in Courtroom
3  Number 8, Fourth Floor, 280 South First Street, San Jose, CA 95113, Plaintiff will bring a
4  motion and hereby moves for an order, in substantially the form of the Proposed Order
5  submitted herewith, for an order consolidating the hearing on Plaintiff's pending Motion for
6  Preliminary Injunction with final trial.
7      In support of said motion, Plaintiff offers the following:
8      1.   This Notice;
9      2.   The supporting Memorandum of Points and Authorities, filed herewith;
10     3.   The [Proposed] Order to grant this motion, submitted herewith;
11     4.   The Memorandum of Points and Authorities in Support of Plaintiff's Motion
12          for Preliminary Injunction, filed herewith;
13     5.   The Declaration of William H. Andrus in support of Plaintiff's Motion for
14          Preliminary Injunction, filed herewith;
15     6.   The Declaration of James Vocelka in support of Plaintiff's Motion for
16          Preliminary Injunction, filed herewith; and
17     7.   The Declaration of Clyde DeWitt in support of Plaintiff's Motion for
18          Preliminary Injunction, filed herewith;
19  along with any arguments and evidence that may be presented in any reply papers to be filed
20  and at the hearing on this motion.
21  Dated: July 3, 2008.                    Respectfully Submitted,

                                            CLYDE DeWITT
                                            LAW OFFICES OF CLYDE DeWITT, APC

                                            By: _____
                                                Clyde DeWitt
                                                Counsel for Plaintiff
                                                Seven Cities Enterprises, Inc.

K:\Files\Wiener 0452\Salinas\7 Cities v Salinas\Cons\08-005-p-Consolidation - Notice.wpd  Page 2

NOTICE OF MOTION AND MOTION TO CONSOLIDATE

# PROOF OF SERVICE BY FEDERAL EXPRESS

[Pursuant to Calif. Code of Civil Procedure § 1013a(3) and Fed.R.Civ.P. 5]

I am a resident of and/or employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within entitled action. I work at the Law Offices of Clyde DeWitt, located at 2800 28th Street, Suite 321, Santa Monica, California 90405-6201.

I am readily familiar with this law firm's practice for mailing with Federal Express and, in the ordinary course of business, any correspondence delivered to our firm's mail room employee(s) for the purpose of being sent through Federal Express is routinely deposited with Federal Express on the same day.

On the date shown below, I served the foregoing document on the interested parties in this action, by placing a true copy thereof enclosed in a Federal Express envelope/pak/box, with postage thereon fully prepaid, and either: (1) personally delivering it to our firm's mail room employee(s) for deposit with Federal Express pursuant to our firm's ordinary business practice; or (2) personally depositing such correspondence directly with Federal Express, addressed as follows:

**Vanessa Vallarta, Esq.**
**City Attorney**
**Georgina B. Mendoza, Esq.**
**Deputy City Attorney**
**200 Lincoln Avenue**
**Salinas, CA 93901**

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on July 3, 2008.

_____
Clyde DeWitt

1  Clyde DeWitt
   California State Bar No. 117911
2  Law Offices of Clyde DeWitt,
       A Professional Corporation
3  2800 28th Street, Suite 321
   Santa Monica, CA 90405-6201
4  (310) 392-2600
   Fax (310) 362-8667
5  clydedewitt@earthlink.net

6  Counsel for Plaintiff, Seven Cities Enterprises, Inc.

7

8              IN THE UNITED STATES DISTRICT COURT

9           FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                     SAN JOSE DIVISION

11 | SEVEN CITIES ENTERPRISES, INC.,    Case Number 5:08-CV-01563-JW

12 |     Plaintiff                       Hon. James Ware

13 |                                     [PROPOSED] ORDER
   | v.                                  CONSOLIDATING FINAL TRIAL
14 |                                     WITH HEARING ON MOTION FOR
   | CITY OF SALINAS,                    PRELIMINARY INJUNCTION
15 |                                     PURSUANT TO FED. R. CIV.
   |                                     PROC. 65(a)(2)
16 |     Defendant

17                                       Date: August 4, 2008
                                         Time: 9:00 a.m.
18                                       Courtroom: 8

19                                       1. NOTICE OF MOTION;
                                         2. [PROPOSED] ORDER;
20                                       3. MEMORANDUM OF POINTS AND AUTHORITIES RE
                                            CONSOLIDATION;
21                                       4. MEMORANDUM OF POINTS AND AUTHORITIES RE PRELIMINARY
                                            INJUNCTION;
22                                       5. DECLARATION OF WILLIAM H. ANDRUS;
                                         6. DECLARATION OF JAMES VOCELKA; AND
23                                       7. DECLARATION OF CLYDE DEWITT.

24

25

26

27
   K:\Files\Wiener 0452\Salinas\7 Cities v Salinas\Cons\08-006-p-Consolidation - Proposed Order.wpd   Page 1
28

                    [PROPOSED] ORDER OF CONSOLIDATION

# ORDER

Having considered Plaintiff's Motion for an Order Consolidating the Hearing on Motion for Preliminary Injunction and the Final Trial on the Merits, the papers filed in support of and in opposition to it and considered the arguments presented at the hearing on that motion, the Court finds that the Motion should be, and it is hereby GRANTED.

The consolidated hearing will take place on the ___ day of _____, 2008 at 9:00 AM, in Courtroom Number 8, Fourth Floor, 280 South First Street, San Jose, CA 95113.

In connection with this consolidated hearing, Defendant's opposition shall be filed no later than the close of business on the ___ day of _____, 2008; Plaintiff's reply papers, if any, shall be filed on or before the close of business the ___ day of _____, 2008. There will be no live testimony unless leave for same is granted pursuant to the Local Rules of this Court.

Signed this ___ day of _____, 2008.

_____
UNITED STATES DISTRICT JUDGE

1  Prepared and Respectfully Submitted on July 3, 2008,

2                                       CLYDE DeWITT
                                        LAW OFFICES OF CLYDE DeWITT, APC
3

4
                                        By: _____
5                                           Clyde DeWitt

6                                       Counsel for Plaintiff
                                        Seven Cities Enterprises, Inc.
7

## PROOF OF SERVICE BY FEDERAL EXPRESS

[Pursuant to Calif. Code of Civil Procedure § 1013a(3) and Fed.R.Civ.P. 5]

I am a resident of and/or employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within entitled action. I work at the Law Offices of Clyde DeWitt, located at 2800 28th Street, Suite 321, Santa Monica, California 90405-6201.

I am readily familiar with this law firm's practice for mailing with Federal Express and, in the ordinary course of business, any correspondence delivered to our firm's mail room employee(s) for the purpose of being sent through Federal Express is routinely deposited with Federal Express on the same day.

On the date shown below, I served the foregoing document on the interested parties in this action, by placing a true copy thereof enclosed in a Federal Express envelope/pak/box, with postage thereon fully prepaid, and either: (1) personally delivering it to our firm's mail room employee(s) for deposit with Federal Express pursuant to our firm's ordinary business practice; or (2) personally depositing such correspondence directly with Federal Express, addressed as follows:

Vanessa Vallarta, Esq.
City Attorney
Georgina B. Mendoza, Esq.
Deputy City Attorney
200 Lincoln Avenue
Salinas, CA 93901

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on July 3, 2008.

_____
Clyde DeWitt

1  Clyde DeWitt
   California State Bar No. 117911
2  Law Offices of Clyde DeWitt,
        A Professional Corporation
3  2800 28th Street, Suite 321
   Santa Monica, CA 90405-6201
4  (310) 392-2600
   Fax (310) 362-8667
5  clydedewitt@earthlink.net

6  Counsel for Plaintiff, Seven Cities Enterprises, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SEVEN CITIES ENTERPRISES, INC.,<br><br>    Plaintiff<br><br>v.<br><br>CITY OF SALINAS,<br><br>    Defendant | Case Number 5:08-CV-01563-JW<br><br>Hon. James Ware<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR AN ORDER CONSOLIDATING THE HEARING ON MOTION FOR PRELIMINARY INJUNCTION AND THE FINAL TRIAL ON THE MERITS**<br><br>[Fed R. Civ. Proc. 65(a)(2)]<br><br>Date: August 4, 2008<br>Time: 9:00 a.m.<br>Courtroom: 8<br><br>1. NOTICE OF MOTION;<br>2. [PROPOSED] ORDER;<br>3. MEMORANDUM OF POINTS AND AUTHORITIES RE CONSOLIDATION;<br>4. MEMORANDUM OF POINTS AND AUTHORITIES RE PRELIMINARY INJUNCTION;<br>5. DECLARATION OF WILLIAM H. ANDRUS;<br>6. DECLARATION OF JAMES VOCELKA; AND<br>7. DECLARATION OF CLYDE DEWITT. |

# SUMMARY

This is an extraordinarily simple and straightforward case. Plaintiff brings a very narrow challenge to the constitutionality of one of the adult-business zoning regulations of the City of Salinas. The only relevant evidence will be the language of the ordinance – which certainly will not be in dispute – and evidence that Plaintiff has standing to challenge it (*i.e.*, is suffering an injury in fact by virtue of its enforcement and threatened enforcement), which is indisputable.[1]

The ordinance allows adult book and video stores, which is what Plaintiff operates, in only two zoning districts. However, such businesses can operate in those zoning districts only after City approval, which approval is required to be (1) non-discretionary and (2) forthcoming within a brief and certain period of time. *FW/PBS v. City of Dallas*.[2] Neither of the City's approval processes meets both of those constitutional requirements.

Plaintiff's business is too small to accommodate the demand by (1) expanding, which is not permitted because the business operates as a lawful nonconforming use (under a so-called "grandfather clause") and/or (2) securing an additional location. Both courses of action are prohibited by the unconstitutional zoning provision – expansion, because expanding a nonconforming use would violate that ordinance; and securing a new location, because every legal location is subject to the unconstitutional zoning ordinance.

Rule 65(a)(2) fits this situation perfectly, allowing a single, concise proceeding that will finally dispose of the case. Consolidation will save a significant amount or resources, including judicial (no summary judgment procedure, pretrial conference or trial), on the part of counsel representing the City, which has limited resources like all cities, and on the part

---

[1] The City has spent considerable energy scrutinizing this business and the precise facts that establish Plaintiff's standing.

[2] *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231, 110 S.Ct. 596, 608, 107 L.Ed.2d 603 (1990).

1  of Plaintiff's counsel, the latter standing to ultimately benefit the City because Plaintiff as
2  a prevailing party would be entitled to recover attorneys' fees pursuant to 42 U.S.C. § 1988.
3      All of the above is fully supported in the Motion for Preliminary and Permanent
4  Injunction and supporting documents, filed concurrently with this motion.

## CONSOLIDATION IS APPROPRIATE

7      This case is an archetype for invocation of the provision in FED. R. CIV.
8  PROC. 65(a)(2), allowing the hearing of an application for a preliminary injunction to be
9  consolidated with final trial:

> "(2) **Consolidating the Hearing with the Trial on the Merits.** Before or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing. Even when consolidation is not ordered, evidence that is received on the motion and that would be admissible at trial becomes part of the trial record and need not be repeated at trial. But the court must preserve any party's right to a jury trial."

17      The Ninth Circuit has squarely approved application of this rule, essentially holding
18  that the straightforward language of the rule speaks for itself. *Michenfelder v. Sumner*, 860
19  F.2d 328, 337 (9th Cir. 1988). "Such action may be taken by stipulation, motion, or even *sua*
20  *sponte* so long as the procedures do not result in prejudice to either party." *Glacier Park*
21  *Foundation v. Watt*, 663 F.2d 882, 886 (9th Cir. 1981).
22      Here, Plaintiff's motion is both for a preliminary injunction and final adjudication.
23  So as to afford the Defendant the required, reasonable notice and opportunity to prepare,
24  Plaintiff has filed this separate motion to consolidate the hearing on the Motion for
25  Preliminary and Permanent Injunction with final trial under Rule 65(a)(2), leaving sufficient

---

1  time between the two hearings for the City to prepare. Its preparation for a preliminary
2  injunction hearing would seem identical to its preparation for final trial.
3       As explained above, the simplicity of this case calls for a streamlined resolution of it.
4  Rule 65(a)(2) offers exactly that.[3]

5  Dated: July 3 2008.                    Respectfully Submitted,

                                          CLYDE DeWITT
                                          LAW OFFICES OF CLYDE DeWITT, APC


                                          By: _____
                                                  Clyde DeWitt

                                          Counsel for Plaintiff
                                          Seven Cities Enterprises, Inc.

---

[3]  The undersigned recognizes that if this motion is not granted, the Motion for Preliminary and Permanent Injunction will be reduced to only a Motion for Preliminary Injunction.

K:\Files\Wiener 0452\Salinas\7 Cities v Salinas\Cons\08-007-p-Consolidation - P&A.wpd  **Page 4**

**MEMORANDUM IN SUPPORT OF MOTION TO CONSOLIDATE**

## PROOF OF SERVICE BY FEDERAL EXPRESS

[Pursuant to Calif. Code of Civil Procedure § 1013a(3) and Fed.R.Civ.P. 5]

I am a resident of and/or employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within entitled action. I work at the Law Offices of Clyde DeWitt, located at 2800 28th Street, Suite 321, Santa Monica, California 90405-6201.

I am readily familiar with this law firm's practice for mailing with Federal Express and, in the ordinary course of business, any correspondence delivered to our firm's mail room employee(s) for the purpose of being sent through Federal Express is routinely deposited with Federal Express on the same day.

On the date shown below, I served the foregoing document on the interested parties in this action, by placing a true copy thereof enclosed in a Federal Express envelope/pak/box, with postage thereon fully prepaid, and either: (1) personally delivering it to our firm's mail room employee(s) for deposit with Federal Express pursuant to our firm's ordinary business practice; or (2) personally depositing such correspondence directly with Federal Express, addressed as follows:

**Vanessa Vallarta, Esq.**
**City Attorney**
**Georgina B. Mendoza, Esq.**
**Deputy City Attorney**
**200 Lincoln Avenue**
**Salinas, CA 93901**

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on July 3, 2008.

_____
Clyde DeWitt

K:\Files\Wiener 0452\Salinas\7 Cities v Salinas\Cons\08-007-p-Consolidation - P&A.wpd  **Page 5**

MEMORANDUM IN SUPPORT OF MOTION TO CONSOLIDATE