Case 5:08-cv-01563-JW   Document 12   Filed 07/22/2008   Page 1 of 7

Vanessa W. Vallarta, City Attorney, # 142404
Susan J. Matcham, Asst. City Attorney, #79562
CITY OF SALINAS
OFFICE OF THE CITY ATTORNEY
200 Lincoln Avenue
Salinas, CA 93901
Telephone: (831) 758-7256
Facsimile:   (831) 758-7257

Attorneys for Defendant
CITY OF SALINAS

UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SEVEN CITIES ENTERPRISES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SALINAS,<br><br>Defendant. | Case No. C-08-01563-JW<br><br>**DEFENDANT CITY OF SALINAS' ANSWER TO FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Defendant CITY OF SALINAS ("City" or "Defendant") answers Plaintiff SEVEN CITIES ENTERPRISES, INC'S ("Plaintiff") First Amended Complaint ("Complaint") filed on or about March 21, 2008, and hereby admits, denies, and alleges as follows:

1.      Answering paragraphs 1, 2, 3, and 4 of the Complaint, Defendant City lacks sufficient information and belief to admit or deny the allegations therein, and on that basis denies each and every allegation of said paragraph.

2.      Answering paragraph 5 of the Complaint, Defendant City admits the allegations of said paragraph.

///

1

Answer to Complaint                                                                C-08-01563-JW

3. Answering paragraph 6 of the Complaint, Defendant City admits that it is a municipal corporation, organized and existing under the laws of the State of California and located in Monterey County, California.

4. Answering paragraphs 7 and 8 of the Complaint, Defendant City lacks sufficient information and belief to admit or deny the allegations therein, and on that basis denies each and every allegation of said paragraph.

5. Answering paragraph 9 of the Complaint, Defendant City admits that the Salinas Municipal Code ("SMC") § 37-50.020(b)(1), defines an "Adult Bookstore" as set forth in said paragraph of the Complaint. Except as expressly stated herein, Defendant City denies each and every allegation of said paragraph.

6. Answering paragraph 10 of the Complaint, Defendant City admits that "Adult Entertainment Facilities" as defined in SMC § 37-50.020(b)(2) specifically includes "Adult Bookstores". Except as expressly stated herein, Defendant City denies each and every allegation of said paragraph.

7. Answering paragraph 11 of the Complaint, Defendant City lacks sufficient information and belief to admit or deny the allegations therein, and on that basis denies each and every allegation thereof.

8. Answering paragraph 12 of the Complaint, Defendant City admits that an adult book and video store was in operation as a permitted use prior to rezoning of the property. Except as expressly stated herein, Defendant City denies each and every allegation of said paragraph.

9. Answering paragraph 13 of the Complaint, Defendant City admits that SMC § 37-50.160(b)(1) states as set forth in paragraph 13 of the Complaint. Except as expressly stated herein, Defendant City denies each and every allegation of said paragraph.

10. Answering paragraph 14 of the Complaint, Defendant City admits that plaintiff's adult book and video store is a legal nonconforming use. Except as expressly stated herein, Defendant City denies each and every allegation of said paragraph.

11. Answering paragraph 15 of the Complaint, Defendant City admits that SMC § 37-50.160(b)(3) states, "No nonconforming use shall be enlarged or extended to occupy any part of a structure or site that it did not occupy on the effective date of the ordinance codified in this chapter, or of the amendments hereto that cause it to become a nonconforming use."

12. Answering paragraphs 16, 17, 18, 19 and 20, Defendant City lacks sufficient information and belief to admit or deny the allegations therein, and on that basis denies each and every allegation thereof.

13. Answering paragraph 21 of the Complaint, Defendant City admits that it has taken the position that the plaintiff's planned expansion of a non-conforming use is impermissible. Except as expressly admitted herein, Defendant City denies each and every allegation of said paragraph.

14. Answering paragraph 22 of the Complaint, Defendant City denies each and every allegation of said paragraph.

15. Answering paragraph 23 of the Complaint, Defendant City admits SMC §37-50.020(c), "Location of Adult Entertainment Facilities," is defined as quoted in the Complaint. In all other respects, Defendant City denies the allegations contained therein.

16. Answering paragraph 24 of the Complaint Defendant City admits SMC §37-50.020(c), subsection 3 places restrictions on where adult entertainment facilities may be located within zoning districts which support said use. Adult entertainment facilities are permitted in zoning districts ICG and IG. Except as expressly admitted herein, Defendant City denies each and every allegation of said paragraph.

17. Answering paragraph 25 of the Complaint, Defendant City admits that an adult bookstore is permitted in an IG zoning district if it acquires a Conditional Use Permit pursuant to the provisions of the SMC. Except as expressly admitted herein, Defendant City denies each and every allegation of said paragraph.

//

//

18. Answering paragraph 26 of the Complaint, Defendant City admits the language of Salinas Municipal Code §37-60.520 without the emphasis added. In all other respects, Defendant City denies the allegations contained therein.

19. Answering paragraphs 27 and 28 of the Complaint, Defendant City denies the allegations contained therein.

20. Answering paragraph 29 Defendant City admits that an adult bookstore is permitted in an IGC (Industrial-General Commercial) zoning district, subject to a Sight Plan Review as defined in the Salinas Municipal Code. In all other respects, Defendant City denies the allegations contained therein.

21. Answering paragraph 30 Defendant City denies the allegations contained therein.

22. Answering paragraphs 31 and 32 Defendant City lacks sufficient information and belief to admit or deny the allegations therein, and on that basis denies each and every allegation

23. Answering paragraph 33 of the Complaint, Defendant City admits that plaintiff's adult bookstore is a legal non-conforming use and does not require a Conditional Use Permit or Site Plan Review. Except as expressly admitted herein Defendant City denies the allegations contained therein.

24. Answering paragraph 34 of the Complaint, Defendant City denies the allegations made therein.

25. Answering paragraph 35 of the Complaint, Defendant admits the allegations made therein.

26. Answering paragraph 36 of the Complaint, Defendant City lacks sufficient information and belief to admit or deny the allegations therein, and on that basis denies each and every allegation thereof.

27. Answering paragraph 37 of the Complaint, Defendant City admits the allegation that plaintiff's proposed modification constituted expansion of a nonconforming use. In all other respects, Defendant City lacks sufficient information and belief to admit or deny the allegations therein, and on that basis denies each and every allegation thereof.

//

28. Answering paragraph 38 of the Complaint, Defendant City lacks sufficient information and belief to admit or deny the allegations therein, and on that basis denies each and every allegation thereof.

29. Answering paragraph 39 of the Complaint, Defendant City denies the allegations made therein.

30. Answering paragraph 40 of the Complaint Defendant City admits that on October 16, 2007, Associate Planner Andrew Myrick issued a Memorandum that Plaintiff's application requested an expansion of a nonconforming use. Except as expressly admitted herein, Defendant City denies the allegations contained therein.

31. Answering paragraphs 41, 42, and 43 of the Complaint, Defendant City denies each and every allegation thereof.

32. Answering paragraph 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, and 80 of the Complaint, Defendant City lacks sufficient information and belief to admit or deny the allegations therein, and on that basis denies each and every allegation thereof.

**AFFIRMATIVE DEFENSES**

As and for affirmative defenses to the Complaint, Defendant City further alleges as follows:

FIRST AFFIMATIVE DEFENSE
(Failure to State a Claim)

1. The Complaint and each cause of action therein fails to allege facts sufficient to state a claim to constitute a cause of action against Defendant City.

SECOND AFFIRMATIVE DEFENSE
(Statute of Limitations)

2. The Complaint is barred by the applicable statute of limitations.

//
//
//

### THIRD AFFIRMATIVE DEFENSE
(Lack of Subject Matter Jurisdiction)

3. The claim by plaintiff that the City's zoning ordinances are unconstitutional lacks ripeness for adjudication in that the plaintiff has not yet filed an application for a new adult bookstore and been denied, and thus the Court lacks subject matter jurisdiction.

### FOURTH AFFIRMATIVE DEFENSE
(Failure to Exhaust)

4. Plaintiff has failed to exhaust their administrative remedies.

### FIFTH AFFIRMATIVE DEFENSE
(Salinas Municipal Code, Charter §107)

5. All general laws of the State applicable to municipal corporations, now or hereafter enacted, including but not limited to the Permit Streamlining Act, California Government Code §65920 et seq. and which are not in conflict with the provisions of the SMC enacted, are applicable to the City.

### SIXTH AFFIRMATIVE DEFENSE
(Permit Streamlining Act)

6. The Permit Streamlining Act (California Government Code §65920 requires public agencies including charter cities such as the City of Salinas to follow standardized time limits and procedures for specified types of land use decisions, such as conditional use permits, which require adjudicatory approvals. Landi v. County of Monterey (1983) 139 Cal.App.3d 934.

### SEVENTH AFFIRMATIVE DEFENSE
(Reservation of Rights)

7. Defendant City's stating of specific affirmative defenses in this Answer is not conclusive and is made with a full reservation of rights to amend this Answer to plead additional affirmative defenses as appropriate based on facts discovered formally or informally during the defense of this action.

///

///

///

1 | **WHEREFORE**, Defendant City requests:
2 |     1.      That Plaintiff take nothing by this Complaint;
3 |     2.      For judgment and dismissal of all claims;
4 |     3.      For Defendant City's costs and disbursements incurred herein;
5 |     4.      For Defendant City's attorney fees and costs;
6 |     5.      For such other and further relief as this Court may deem proper.

Dated: July 22, 2008                              CITY OF SALINAS

By: _____
SUSAN J. MATCHAM
Assistant City Attorney
Attorney for Defendant
CITY OF SALINAS