```
 1 | Vanessa W. Vallarta, City Attorney, # 142404
   | Susan J. Matcham, Asst. City Attorney, #79562
 2 | Georgina B. Mendoza, Deputy City Attorney, #230940
   | CITY OF SALINAS
 3 | OFFICE OF THE CITY ATTORNEY
   | 200 Lincoln Avenue
 4 | Salinas, CA  93901
   | Telephone: (831) 758-7256
 5 | Facsimile:  (831) 758-7257
   |
 6 | Attorneys for Defendant
   | CITY OF SALINAS
 7 |
```

UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SEVEN CITIES ENTERPRISES, INC., <br><br> Plaintiff, <br><br> v. <br><br> CITY OF SALINAS, <br><br> Defendant. | Case No. C-08-01563-JW <br><br> **DECLARATION OF SYLVIA PEREZ IN SUPPORT OF CITY'S OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY AND PERMANENT INJUNCTION** <br><br> DATE: October 3, 2008 <br> TIME: 9:00 A.M. <br> ROOM: Courtroom 8, 4th Floor <br> JUDGE: Hon. James Ware |

I, SYLVIA PEREZ, hereby declare:

1. I am employed by the City of Salinas ("City") as a Code Enforcement Officer and have been so employed for over six (6) years. I am competent to testify about the information set forth below:

2. One of my responsibilities as a City Code Enforcement Officer is to ensure businesses and residences comply with the City's Zoning Code, found in Chapter 37 of the Salinas Municipal Code ("SMC"). Pursuant to SMC § 2.57 and California Penal Code §836.5, I am authorized to issue administrative citations for violations of Chapter 37 of the SMC.

//

1

3. I researched the City's building permit records for the building where L'Amour is located and found that from the year 1962 through approximately 1982, said building was owned by Blue Ribbon Industries, Inc. and was used as a dairy. In 1985, property ownership changed to the current owners, Antonio and Paz Gutierrez, who presently lease said building to 7 Cities Enterprises, Inc.

4. After researching City files and records from the Monterey County Recorder's and Monterey County Assessor's offices relating to subject property, I was unable to locate any document that would support the idea that the portion of the building presently identified as 320 Rianda Street has been used as anything but an office and a storage area since the building was leased to L'Amour.

5. In August 2006, the City's Code Enforcement Division of the Development and Engineering Department was notified that the portion of the building presently identified as 323 E. Alisal Street was being occupied by L'Amour who installed approximately twenty (20) viewing booths where paying customers can view or preview adult motion pictures. This portion of the building was previously used for approximately four (4) years as an income tax service business, a separate business not associated with L'Amour. The income tax business conformed to the permitted uses in a Commercial- Retail ("CR") district and operated for a continuous period of over 180 days, thus effectively "abandoning" its legal nonconforming status. Since the legal nonconforming use was abandoned as prescribed pursuant to SMC § 37-50.160(f), any business/use operating at 323 E. Alisal Street must be in compliance with CR zoning, which does not permit Adult Entertainment use.

6. In October 2006, I notified the property owner and business owner of this unlawful expansion and instructed them to secure from public access the portion of the building identified as 323 E. Alisal Street and to remove the viewing booths that had been installed by L'Amour, including removing illegal alterations such as constructing walls blocking all windows and electrical wiring that was installed to accommodate the newly added twenty (20) adult viewing booths.

7. In January 2007, I issued two administrative citations in the amounts of $100.00 and $200.00 for failure to remove the viewing booths and failure to secure the area against public access by the compliance deadlines. Plaintiff subsequently agreed with the City's position that the Adult Entertainment use was abandoned as a result of the operation of the income tax office in that portion of the building.

8. In February 2007, the viewing booths that were previously located at 323 E. Alisal Street were relocated, without City approval, to the portion of the building identified as 320 Rianda Street. However, Plaintiff did more than simply relocate the viewing booths from one portion of the building to another; it also installed more electric rewiring and constructed new walls, new floor-coverings and t-bar ceilings thereby significantly transforming the former storage area into one conducive for customer service.

9. I notified Plaintiff that the type of work completed in the former storage area required building and electrical permits and that an inspection by City Building officials would follow. I instructed Plaintiff to immediately discontinue use of the viewing booths and secure the area from public access; however, subsequent inspections that I conducted with other City officials revealed that public access remained available and the booths continued in operation.

10. I issued the property owners and business owner of L'Amour two $500.00 administrative citations for violation of SMC § 9-1: Construction without building permits. On February 26, 2007, a $500.00 administrative citation # C0781 was issued with a deadline of March 5, 2007 to discontinue public access into this area, which I secured with yellow caution tape. On March 5, 2007, a second $500.00 administrative citation #C0783 was issued with a deadline for March 12, 2008 for the same violation. On that date, I had to secure the area with yellow caution tape again because the one I placed on February 26, 2007 had been removed.

11. On March 6, 2008, Senior Code Enforcement Officer Gowin and I conducted an inspection at this site and found the adult viewing booths remained open with public access into this non-permitted area.

//

12. After repeated instructions and issuance of administrative citations to discontinue use of the booths in the area identified as 320 Rianda Street, I conducted a final inspection on March 8, 2007 to verify if L'Amour had discontinued public access. When I discovered that public access continued, I contacted the City Building Maintenance Division and requested an immediate board up for the former storage area to discontinue public access and use of viewing booths.

13. On July 28, 2008, I conducted a site inspection at L'Amour and found the area in question remains secured against public access.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

This declaration was executed on this 15th day of August 2008, in Salinas, California.

_____
SYLVIA PEREZ